UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROY C. PATTON, MARK A. DREWES, KAREN L. PATTON, FRONTIER FINANCIAL HOLDINGS, INC., and FRONTIER CPA GROUP, LLP,<br>      Plaintiffs,<br><br>vs.<br><br>FIDUCIAL FINANCIAL SERVICES, INC., FIDUCIAL BUSINESS CENTERS, INC., FIDUCIAL, INC., FIDUCIAL, S.C., YVES MORARD-LACROIX, WILLIAM MORICE, CHRISTIAN LATOUCHE, FIDUCIAL, INC. BOARD OF DIRECTORS, and FIDUCIAL S.C. BOARD OF DIRECTORS,<br>      Defendants. | 1:05-cv-1481 RLY-WTL |

**ENTRY ON PLAINTIFFS' MOTION FOR AMENDMENT TO COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

The court heard argument on Plaintiffs' Motion for a Preliminary Injunction on January 11 and 12, 2006. On January 23, 2006, the court entered its findings of fact and conclusions of law, ultimately denying Plaintiffs' motion. Pursuant to Federal Rule of Civil Procedure 52(b), Plaintiffs now ask the court to amend its findings of fact and conclusions of law.

In the Seventh Circuit, substantive motions served within ten days of the entry of judgment fall under Rule 59(e). *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986)

1

(holding that "all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59"); *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir. 1984). Therefore, the court will treat Plaintiffs' motion as arising under Rule 59(e).

A motion to alter or amend judgment under Rule 59(e) requires the moving party to direct the court's attention to either newly discovered material evidence or to a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606 (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). Thus, this motion is not the appropriate vehicle for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, *Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citation omitted).

In the Motion before the court, Plaintiffs specifically seek to have the court declare that: (1) legal title of the contested business has been retained by Plaintiffs; (2) the integration clause of the APA and SPA do not weigh against Plaintiffs' likelihood of success on the merits; (3) Plaintiffs have an interest in the goodwill of the business and the legal right to protect that interest; (4) Defendants are insolvent; (5) some vendors have terminated services with Defendants due to lack of payment (5) Plaintiffs are suffering irreparable harm; (6) granting an injunction would not put the court in the position of

monitoring the ongoing operations of the business.  Having read and reviewed the parties' briefs as well as the applicable law, the court finds that Plaintiffs have failed to demonstrate a manifest error of law or fact in the court's findings of fact and conclusions of law.  Rather, Plaintiffs' motion is a rehash of previously rejected arguments.

The court's January 23, 2006 Entry denying Plaintiffs' request for a preliminary injunction stands.  Plaintiffs Motion for Amendment to Court's Findings of Fact and Conclusion of Law Regarding Plaintiffs' Motion for Preliminary Injunction (Docket #41) is **denied**.

Dated:  March 14, 2006.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Andrew Patrick Berry
GOODIN ORZESKE & BLACKWELL
aberry@goblaw.com

Jennifer L. Blackwell
GOODIN ORZESKE & BLACKWELL
jblackwell@goblaw.com

Mary F. Schmid
STEWART & IRWIN, P.C.
mschmid@silegal.com