UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROY C. PATTON, MARK A. DREWES, KAREN L. PATTON, FRONTIER FINANCIAL HOLDINGS, INC., and FRONTIER CPA GROUP, LLP,<br>            Plaintiffs,<br><br>      vs.<br><br>FIDUCIAL FINANCIAL SERVICES, INC., FIDUCIAL BUSINESS CENTERS, INC., FIDUCIAL, INC., FIDUCIAL, S.C., YVES MORARD-LACROIX, WILLIAM MORICE, CHRISTIAN LATOUCHE, FIDUCIAL, INC. BOARD OF DIRECTORS, and FIDUCIAL S.C. BOARD OF DIRECTORS,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)          1:05-cv-1481 RLY-WTL |

**ENTRY ON PLAINTIFF TROY C. PATTON'S MOTION TO DISMISS
DEFENDANTS FIDUCIAL FINANCIAL SERVICES, INC.'S COUNTERCLAIM**

On October 6, 2005, Plaintiffs filed their complaint for fraud in the inducement and breach of contract. On April 28, 2006, Defendants filed their answer, which included a counterclaim by Fiducial Financial Services, Inc. ("FFS") against Plaintiff Troy C. Patton for breach of a noncompetition agreement. The court held a hearing on Plaintiffs' request for a Preliminary Injunction on January 11-12, 2006, and ultimately that motion was denied. The court has scheduled a hearing on Defendants' motion for a preliminary injunction against Patton for July 11, 2006. The matter is now before the court on Patton's motion to dismiss FFS' counterclaim pursuant to Federal Rules of Civil

1

Procedure 12(b)(1) and 12(b)(6).

## I.  Motion to Dismiss Standard

When considering a motion to dismiss, the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997).

## II.  Background

The underlying contracts in this case include an Asset Purchase Agreement ("APA") and a Stock Purchase Agreement ("SPA") (collectively, "the Agreements"). The APA was entered into by Plaintiffs and Defendant Fiducial Business Centers, Inc. on or about October 7, 2004. (Ex. A). The SPA was entered into by Plaintiffs and FFS on or about October 18, 2004. (Ex. B). In connection with the Agreements, Patton and FFS entered into the Noncompetition Agreement and Employment Agreement at issue in the instant motion. (Exs. 1, 2).

Following the execution of the Agreements, Patton became an employee of FFS,

as the President, Principal, and Financial Operations Principal for FFS' subsidiary, Fiducial Investment Advisors, Inc. ("FIA"). FIA is in the business of providing financial advising and investment services. On June 9, 2005, Patton's mother, Karen Patton, incorporated Archer Investment Corporation ("Archer"). Archer is an investment advising company. Patton's employment with FIA was terminated on or about January 5, 2006.

Patton is an Indiana resident. Archer and FIA are Indiana corporations. FFS is a Delaware corporation with its principal place of business in Maryland. In his motion to dismiss, Patton argues that FFS' claims against him are really the claims of it subsidiary, FIA. According to Patton, joinder of FIA is required by Federal Rules of Civil Procedure 17 and 19, because FIA is the real party in interest. If FIA is joined, diversity jurisdiction will not exist and the counterclaim must be dismissed.

**III.    Analysis**

Patton concedes that FFS is a party to the disputed noncompetition agreement and that FIA is not a named party to the agreement. (*See* Ex. 1; Reply Brief at 4). He argues, however, that FIA is a third-party beneficiary to the agreement and that any potential harm from his alleged breach is done to FIA, not FFS. (*Id.*). The court disagrees.

FFS has a protectable interest in the goodwill of the business it acquired. (*See* Findings of Fact and Conclusions of Law on Plaintiffs' Motion for Preliminary Injunction ¶¶ 28-33). Further, FFS has the express contractual right to enforce the noncompetition agreement. (Ex. 1). FFS is the real party in interest. *See Patterson v. Seavoy*, 822

N.E.2d 206, 210 (Ind. Ct. App. 2005) ("A real party in interest . . . is the person who is the true owner of the right sought to be enforced.").  Since FIA will not be joined as a party, diversity remains intact.

Patton's second argument is likewise unconvincing.  He contends that FFS' claim for injunctive relief must be submitted to the National Association of Securities Dealers ("NASD") for arbitration.  But FFS is not a member of the NASD.  Moreover, the NASD's rules specifically allow for parties to seek injunctive relief in court.  (NASD Rule 10335(a)(1), (2)).

**IV.     Conclusion**

For the foregoing reasons, Patton's Motion to Dismiss (Docket #65) is **denied**.


Dated:  July 5, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Andrew Patrick Berry
GOODIN ORZESKE & BLACKWELL
aberry@goblaw.com

Jennifer L. Blackwell
GOODIN ORZESKE & BLACKWELL
jblackwell@goblaw.com

Mary F. Schmid
STEWART & IRWIN, P.C.
mschmid@silegal.com