UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TROY C. PATTON, MARK A. DREWES, KAREN L. PATTON, FRONTIER FINANCIAL HOLDINGS, INC., an Indiana corporation, and FRONTIER CPA GROUP, LLP, an Indiana limited liability partnership., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 1:05-cv-1481-RLY-WTL |
| vs. | ) ) | |
| FIDUCIAL FINANCIAL SERVICES, INC., a Delaware corporation, FIDUCIAL BUSINESS CENTERS, INC., a Delaware corporation, FIDUCIAL, INC., a Delaware corporation, FIDUCIAL, S.C., a French company, YVES MORARD-LACROIX, WILLIAM MORICE, CHRISTIAN LATOUCHE, FIDUCIAL, INC. BOARD OF DIRECTORS, individually, and FIDUCIAL S.C. BOARD OF DIRECTORS, individually., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**ENTRY ON DEFENDANT CHRISTIAN LATOUCHE'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Christian

Latouche ("Latouche") moves to dismiss Plaintiffs' cause of action against him for lack

of personal jurisdiction. For the reasons set forth below, the court **GRANTS** his motion.

1

**I.     Introduction**

Plaintiffs filed this case on October 6, 2005, in response to issues arising out of two business transactions they executed with Defendants in October 2004. (Complaint ¶¶ 16, 17). On October 7, 2004, Defendant Fiducial Business Centers, Inc. ("Fiducial Business") entered into an Asset Purchase Agreement with Plaintiffs Frontier Financial Holdings, Inc. ("Frontier Financial") and Frontier CPA Group, LLP ("Frontier CPA") for the purchase of Frontier CPA's assets. (*Id*. ¶ 16). On October 18, 2004, Defendant Fiducial Financial Services, Inc. ("Fiducial Financial") entered into a Stock Purchase Agreement with Plaintiffs Patton, Drewes, and Frontier Financial for the purchase of the outstanding stock of Plaintiffs' companies. (*Id*. ¶ 17).

Defendants Fiducial Business and Fiducial Financial are wholly-owned subsidiaries of Fiducial, Inc., a Delaware corporation. (*Id*. ¶ 8). Defendant Fiducial, Inc. is a wholly-owned subsidiary of Fiducial, S.C., a French company. (*Id*. ¶ 9). Defendant Latouche owns Fiducial, S.C. and resides in France. (*Id*. ¶¶ 9, 12). Defendant Latouche now seeks to dismiss Plaintiffs' claims against him on the ground that he has had no contact with Indiana individually, and, therefore, this court lacks personal jurisdiction over him.

**II.    Dismissal Standard for Lack of Personal Jurisdiction**

When defendant files a Rule 12(b)(2) motion to dismiss based on lack of personal jurisdiction, plaintiff bears the burden of showing that jurisdiction is proper. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2002); *RAR, Inc.*

*v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).  If the court holds an evidentiary hearing on the jurisdictional issue, plaintiff must demonstrate personal jurisdiction by a preponderance of the evidence.  *Id*.  If no evidentiary hearing is held, however, plaintiff is only required to make out a prima facie case of personal jurisdiction.  *Id*.; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).  In deciding whether plaintiff has met the prima facie standard, the court is not limited to the pleadings and may consider affidavits and oral testimony.[1]  *Andersen v. Sportmart, Inc.*, 57 F. Supp. 2d 651, 654–55 (N.D. Ind. 1999) ("[A] court . . . may consider affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery.").  Plaintiff is entitled to the resolution in its favor of all relevant factual disputes presented by such evidence.  *Purdue*, 338 F.3d at 782.

**III.   Discussion**

"A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue*,

---

[1] It is unclear in the 7th Circuit whether plaintiff *must* admit additional evidence outside of the pleadings to support its jurisdictional claim once defendant has submitted affidavits or other affirmative evidence to oppose jurisdiction.  *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782–83 (7th Cir. 2003) (stating that other circuits emphasize this evidentiary requirement).  While the complaint does not have to include sufficient facts alleging personal jurisdiction, plaintiff still bears the burden of demonstrating jurisdiction through other evidence.  *Id*. at 782.  In the case at hand, Plaintiffs' complaint, on which they solely rely to support this court's jurisdiction over Defendant Latouche, does not contain sufficient factual allegations that, if true, would support their jurisdictional claim.

338 F.3d at 779. Normally, determining whether personal jurisdiction exists involves two steps—deciding (1) whether the Indiana long-arm statute applies to defendant and (2) whether the exercise of jurisdiction over defendant satisfies the due process requirements of the Fourteenth Amendment. *Lighthouse Carwash Sys. v. Illuminator Bldg. Co., LLC*, No. 1:04-cv-0962-JDT-WTL, 2004 WL 2378844, at *2 (S.D. Ind. Aug. 31, 2004); *Purdue*, 338 F.3d at 779. However, Indiana recently amended its long-arm statute, Indiana Trial Rule 4.4(A), to expand its reach to the full extent allowed under the Constitution.[2] *See Lighthouse Carwash*, 2004 WL 2378844, at *2; *Engineered Med. Sys., Inc. v. Despotis*, No. 1:05-cv-0170-DFH-TAB, 2005 WL 2922448, at *2 (S.D. Ind. Nov. 4, 2005). As a result, the traditional two-step inquiry has collapsed into one step and now only the constitutional analysis is required. *Engineered Med. Sys.*, 2005 WL 2922448, at *2 n.2.

In order for a state to exercise personal jurisdiction over a nonresident defendant, the Fourteenth Amendment Due Process Clause requires that defendant has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The standard for "minimum contacts" depends on whether plaintiff asserts that the state has

---

[2]Indiana Trial Rule 4.4(A) was amended to add this paragraph after eight enumerated grounds for jurisdiction: "In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Ind. Trial R. 4.4(A).

general or specific jurisdiction.  *RAR*, 107 F.3d at 1277.  *See also Engineered Med. Sys.*, 2005 WL 2922448, at *2.  General jurisdiction exists where defendant's contacts with the state are continuous and systematic.  *Alpha Tau Omega Fraternity v. Pure Country, Inc.*, 185 F. Supp. 2d 951, 956 (S.D. Ind. 2002).  Specific jurisdiction, on the other hand, exists where defendant has purposefully established minimum contacts with the state, and the case arises out of those minimum contacts.  *RAR*, 107 F.3d at 1277.  A single act may be sufficient to constitute specific personal jurisdiction, but that act must be purposeful, not random, and must create a substantial contact with the state.  *Alpha Tau Omega*, 185 F. Supp. 2d at 956.

In this case, Plaintiffs do not assert that this court has general jurisdiction over Defendant Latouche.  Moreover, Plaintiffs do not meet their burden to show that this court has specific jurisdiction over Defendant Latouche.  Plaintiffs set forth a number of arguments to support their jurisdictional claim.  First, they assert that Defendant Latouche and Fiducial, S.C. provided financial guidance and support to Fiducial, Inc. and that, in turn, that money funded Fiducial Inc.'s subsidiaries in Indiana.  Second, they assert that Defendant Latouche and Fiducial S.C. maintained regular communication with Morard-Lacroix, the Executive Vice-President of Fiducial, Inc. regarding the financial relationship between Fiducial, Inc. and its Indiana subsidiaries.  Third, they assert that Defendant Latouche committed fraud, an injury that occurred in Indiana.

Plaintiffs offer no evidentiary support for any of their arguments.  Although Defendant Latouche filed both an affidavit of Morard-Lacroix and a transcript of Morard-

Lacroix's testimony from the preliminary injunction hearing, Plaintiffs filed no additional evidence in response.  Instead, they rely on their Complaint alone.  Although it is unclear whether Plaintiffs may even rely solely on their pleadings once Defendant Latouche offered additional evidence, Plaintiffs' Complaint does not contain any of the factual allegations on which they rely in their Response to this Motion.

On the other hand, Defendants' affidavit of Morard-Lacroix states that Defendant Latouche was not personally involved in either the Stock Purchase Agreement or the Asset Purchase Agreement.  In addition, Morard-Lacroix's testimony clarifies that Fiducial, S.C. did not enter into either of those contracts.  Although Plaintiffs are entitled to have conflicts in the evidence resolved in their favor, there is no factual dispute in the record.  Plaintiffs cannot make naked factual allegations that are not supported in either their complaint or other evidence to refute Defendants' assertions.  Plaintiffs still bear the burden of proving personal jurisdiction.

In addition, Plaintiffs' arguments, even if supported in the record, are too remote to constitute the requisite minimum contacts for specific jurisdiction.  Plaintiffs, in their Response, pair Defendant Latouche and Fiducial, S.C. together for their factual allegations regarding funding and communication.  Although Defendant Latouche may be the primary shareholder of Fiducial, S.C., the two have distinct legal personalities.  To the extent that Fiducial, S.C. had any involvement with the American subsidiaries, Defendant Latouche is not necessarily subject to personal jurisdiction arising from that.  *See Alpha Tau Omega*, 185 F. Supp. 2d at 956 (requiring that plaintiffs show defendant officers'

individual contacts with the forum state beyond just their business relationship to defendant corporation to maintain personal jurisdiction over the officers).

As another basis for specific jurisdiction, Plaintiffs argue that Defendant Latouche committed fraud, an injury that occurred in Indiana. However, Plaintiffs' Complaint does not sufficiently allege that Latouche was any part of that fraud, as the Complaint does not even mention his name with respect to that allegation. *See* FED. R. CIV. P. 9(b) ("[A]ll averments of fraud . . . shall be stated with particularity."). Therefore, an allegation of fraud by Defendant Latouche not supported in the Complaint cannot be a basis for personal jurisdiction.

## III. Conclusion

For the reasons set forth above, the court finds that Plaintiffs have not met their burden to prove that this court's exercise of personal jurisdiction over Defendant Latouche is proper. Therefore, Defendant Latouche's Motion to Dismiss for Lack of Personal Jurisdiction (Document #23) is **GRANTED**.

**It is so ordered** this 31st day of August 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Andrew Patrick Berry
GOODIN ORZESKE & BLACKWELL
aberry@goblaw.com

Jennifer L. Blackwell
GOODIN ORZESKE & BLACKWELL
jblackwell@goblaw.com

Donald Orzeske
GOODIN ORZESKE & BLACKWELL, P.C.
dorzeske@goblaw.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com